## MORENO *v.* SUCESIÓN BAHR.

### CASACIÓN procedente de la Corte de Distrito de Arecibo.

No. 43.—Resuelto en Febrero 4, 1903.

CASACIÓN.—Al establecerse un recurso de casación por error en la apreciación de las pruebas, de acuerdo con el párrafo 7 del artículo 1690 de la ley procesal, deberá expresarse el documento ó acto auténtico que demuestre la equivocación evidente del juzgador, si el error alegado es de hecho, mas si es de derecho, deberá citarse la ley ó doctrina legal relativa á las pruebas, que se suponga infringida.

PAGARÉS.—Librado un pagaré *á la orden* y procediendo de una operación de comercio, produce los mismos efectos y obligaciones que una letra de cambio.

ACCIONES PROCEDENTES DE VALES Y PAGARÉS.—Las acciones procedentes de los vales y pagarés á la órden, como las que se derivan de las letras de cambio, prescriben á los tres años á contar desde su vencimiento, hállanse ó no protestado.

ENAGENACIÓN FRAUDULENTA DE BIENES.—Las enagenaciones de bienes, aunque estén inscritas en el Registro de la Propiedad, pueden rescindirse cuando se hagan en fraude de acreedores legítimos, cualidad que no concurre en el acreedor cuya acción haya prescrito por el transcurso del tiempo que para ejercitarla fija el artículo 950 del Código Mercantil.

### EXPOSICIÓN DEL CASO.

*Resultando:* que presentado escrito por el abogado Don Antonio Moreno Calderón, á nombre de Don Antonio Moreno Santí, ante el Tribunal de Distrito de San Juan en 11 de Julio de 1900, en solicitud del embargo preventivo de bienes de Don Adolfo Bahr, en garantía del pago de seis mil pesos moneda provincial que era en deber al solicitante, según pagaré que acompañó suscrito por el deudor en 1? de Julio de 1892, á pagar á razón de ciento veinte y cinco pesos mensuales; decretado el embargo por cuenta y riesgo del solicitante, Don Antonio Moreno Santí, y librado despacho al Juez Municipal de Arecibo para la constitución del embargo, se realizó éste en una finca rústica de la propiedad del deudor, de 407 cuerdas de extensión superficial, radicada en el barrio del "Islote" de aquel término municipal, y librado el mandamiento al Registrador de la Propiedad de aquel partido para la anotación del embargo, la denegó el Registrador, según nota puesta al pié del mismo manda-

## MORENO *v.* HEIRS OF BAHR.

APPEAL in cassation from the District Court of San Juan.

No. 43.—Decided February 4, 1903.

ALIENATION OF PROPERTY IN FRAUD. — Alienation of property including real estate recorded in the registry of property may be rescinded only when made in fraud of legitimate creditors, a capacity not possesed by a creditor whose action has extinguished through failure to sue within the period prescribed by Article 950 of the Code of Comerce.

### STATEMENT OF CASE.

On the 11th of July, 1900, Antonio Moreno Calderón · · Esq., on behalf of Antonio Moreno Santí, filed a petition in the District Court of San Juan, requesting that an attachment be levied on the property of Adolfo Bahr, to secure the payment of six thousand *pesos,* provincial currency, due by the latter to the former, according to the accompanying promissory note, signed by the debtor on July 1, 1892, and made payable at the rate of one hundred and twenty-five *pesos* per month. Said attachment being duly decreed for account and at the risk of the petitioner, Don Antonio Moreno Santí, and the order forwarded to the Municipal Judge of Arecibo to be carried out, it was levied on a farm belonging to the debtor, composed of 407 *cuerdas,* situated in *barrio* "Islote" of said municipality, but when the writ was presented to the Registrar of Property of the District for the purpose of recording the attachment, he refused to make the entry according to the memorandum placed at the end of the writ, because the property was recorded in favor of a different

miento, por aparecer la finca inscrita á favor de persona distinta de aquélla contra quien había sido decretado el embargo.

*Resultando:* que en este estado, en 1º de Agosto siguiente, el mismo abogado, Don Antonio Moreno Calderón, á nombre de su representado, Don Antonio Moreno Santí, presentó ante el Tribunal de Distrito de San Juan la demanda orígen de este pleito contra la Sucesión de Don Adolfo Bahr, compuesta de su madre, Doña Nieves Girau y su esposa Doña Monserrate Colón.y Bonfiglio y contra Don Julián Muro, vecinos todos de Arecibo, en la que haciendo relación del citado pagaré y explicando su orígen, expresa que fué expedido por don Adolfo Bahr á la órden de Don Antonio Moreno Santí, en la fecha que en él se indica, ó sea en 1º de Julio de 1892, por dinero recibido del mismo Moreno Santí, en calidad de préstamo, á pagar á razón de ciento veinte y cinco pesos mensuales; que de estas mensualidades pagó algunas el deudor, sin que el demandante pueda determinarlas, aunque sí afirma que no fueron las suficientes para extinguir la deuda, dejando de pagar las restantes, no obstante habérselas reclamado multitud de veces; que el deudor Don Adolfo Bahr otorgó testamento ológrafo, bajo cuyas disposiciones falleció, instituyendo por sus herederas universales á su señora madre y esposa, respectivamente, reconociendo varias deudas, pero omitiendo la del demandante,, Don Antonio Moreno Santí; que en dicho testamento declaró el Señor Bahr, por todos sus bienes, una finca rústica denominada " Monserrate " radicada en el barrio del " Islote " del término municipal de Arecibo, sobre la cual se trabó el embargo decretado á solicitud del actor, en 13 del mes de Julio anterior, y librado al siguiente dia, 14, el mandamiento al Registrador de la Propiedad para la anotación del embargo, no pudo tenerse por presentado ese dia, por ser sábado, y haberse presentado el mandamiento después de mediodía, hora que se consideró inhabil para las operaciones del Registro; que el Domingo 15 de Julio, no obstante ser dia festivo, lo aprovechó la Sucesión de Don Adolfo Bahr, con asombrosa

person from the one against whom the attachment had been decreed.. Then on the 1st of August following, the said Antonio Moreno Calderón, on behalf of Antonio Moreno Santí, brought in the District Court of San Juan, the action giving rise to the present litigation, against the heirs of Adolfo Bahr consisting of his mother, Nieves Girau, and his widow Monserrate. Colón y Bonfiglio, and against Julián Muro, all residents of Arecibo, alleging that the promissory note signed in his favor by Adolfo Bahr was for money lent by him to the latter, to be returned at the rate of one hundred and twenty-five *pesos* per month; that some of these monthly installments were paid, although plaintiff is unable to state how many, but affirming that they were not enough to cover the debt, the balance remaining unpaid, despite his repeated demands; that the debtor, Adolfo Bahr, had died leaving a holographic will whereby he appointed his mother and his wife his sole heirs, recognizing various debts but failing to mention the one in favor of plaintiff, Antonio Moreno Santí; that in said testament Bahr declared that all is property consisted of a farm called "Monserrate," situated in *barrio* "Islote," in the municipality of Arecibo, upon which the attachment had been levied at the solicitation of plaintiff, on the 13th of the preceding month of July, the order to the Registrar of Property being issued on the following day, which was Saturday, and having been presented after twelve o'clock noon of that day it could not be recorded; that on Sunday July 15th, though a holiday, the heirs of Adolfo Bahr had hastened to transfer the title of the farm, which was the only property left by deceased, to Julián Muro, by deed of sale executed before Notary Juan Zacarías Rodriguez, without satisfying all the claims of the creditors of the estate or as far as he knew, without depositing, any sum in cash, or retaining sufficient property to meet the full amount of the obligation claimed; for which reasons, invoking in his favor the provisions of the Civil Code relating to the extinction of obligations by payment or fulfillment

actividad, para vender, como en efecto vendió á Don Julián
Muro, por escritura pasada ante el Notario Don Juan Zaca-
rías Rodríguez, la finca rústica que componía la única he-
rencia del difunto, Señor Bahr, sin haber satisfecho la Suce-
sión á todos los acreedores el importe de sus créditos, y sin
que pueda asegurar el actor, por no constarle, que hubiese
dejado depositada, en efectivo, alguna cantidad, ó retenido
bienes bastantes con que cubrir el importe total de la obli-
gación que se le reclamaba ; por cuyos motivos, invocando
en su favor la doctrina del Código Civil, relativa al cumpli-
miento de las obligaciones y á su extinción por medio de la
paga ; sobre la obligación que impone al heredero la acepta-
ción pura y simple de la herencia, de pagar las deudas del
difunto, aún con sus bienes propios, y sobre la ineficacia de
los contratos celebrados en fraude de acreedores, con las pres-
cripciones de las Ordenes Judiciales de 6 y 20 de Marzo de
1899, concluyó solicitando se declarara con lugar la deman-
da, anulando y rescindiendo la venta simulada y fraudulen-
ta hecha por la Sucesión de Don Adolfo Bahr á favor de
Don Julián Muro, ante el Notario Don Juan Zacarías Ro-
driguez, por escritura de 15 de Julio de 1900, de la finca
rústica denominada " Monserrate," radicada en el barrio del
" Islote" del término municipal de Arecibo, declarando tam-
bién sin efecto la inscripción en el Registro de la Propiedad
de la escritura de venta, y condenando á la Sucesión de Don
Adolfo Bahr, compuesta de Doña Nieves Girau y Doña
Monserrate Colón y Bonfiglio, al pago á Don Antonio More-
no Santí, en esta Ciudad de San Juan, de la cantidad de seis
mil pesos, montante de la deuda, más los intereses legales
devengados desde la falta de pago, con las costas.

*Resultando:* que conferido traslado de la demanda, lo
evacuaron los demandados Doña Nieves Girau, Doña Mon-
serrate Colón y Don Julián Muro, por conducto del Abogado
Don Herminio Díaz Navarro, negando la demanda, y ale-
gando como fundamentos de su negativa que por escritura
de 8 de Agosto de 1889 constituyeron Don Adolfo Bahr y

thereof, the obligation imposed upon an heir by the acceptance, pure and simple, of the inheritance, to pay all the debts of deceased even with his own property, and in regard to the nullity of contracts executed in fraud of creditors, and citing further the provisions of Judicial Orders of March 6 and 20, 1899, he prayed that his complaint be sustained and the simulated and fraudulent deed of sale of the farm "Monserrate" situated in the ward of "Islote", within the municipal jurisdiction of Arecibo, executed before Notary Juan Zacarías Rodríguez, on July 15, 1900, by the heirs of Adolfo Bahr in favor of Julián Muro, be declared null and void, as also the record thereof in the Registry of Property, and that the heirs of Adolfo Bahr, namely, Nieves Girau and Monserrate Colón y Bonfiglio, be adjudged to pay to Antonio Moreno Santí, of the city of San Juan, the sum of six thousand *pesos*, the amount of the debt claimed, with legal interest accruing from the date of default, and costs. Copy of the complaint having been served upon Nieves Girau, Monserrate Colón and Julián Muro, defendants, an answer was filed by their counsel Herminio Díaz Navarro, denying the allegations of the complaint, and alleging in support of their denial that on the 8th of August 1899, Adolfo Bahr and Antonio Moreno Santí had formed a limited partnership under the firm name of Bahr & Co., with a capital of forty thousand *pesos*, whereof ten thousand *pesos* were contributed by Bahr, and four thousand by Moreno Santí, as silent partner, said partnership being the liquidation of the one which under the same firm name had been in existence since 1883; that in April of the year 1892, while Moreno Santí was in Madrid, his partner Bahr had written him a letter offering to buy his share in the partnership amounting then to about seven thousand and odd *pesos* capital and part of the earnings, for six thousand *pesos*, payable at the rate of two thousand *pesos* a year, for which he would give him his promissory notes, with interest at six per cent. per annum; that

Don Antonio Moreno Santí, una sociedad mercantil en comandita, bajo la razón de Bahr y Ca., con un capital de catorce mil pesos, aportados, diez mil por el socio Bahr y los cuatro mil restantes por el Comanditario, Señor Moreno Santí, siendo dicha sociedad liquidadora de la que bajo la misma razón tenían establecida desde el año 1883; que en Abril de 1892, encontrándose en Madrid el Señor Moreno Santí, le escribió una carta su socio, Señor Bahr, proponiéndole comprarle su participación en la sociedad, montante en aquella fecha á unos siete mil y pico de pesos, por su capital y parte de beneficios, por seis mil pesos, pagaderos á razón de dos mil pesos anuales, por los que le firmaría pagarés y le abonaría el interés del seis por ciento anual; que en 30 de Junio del mismo año 1892, por escritura otorgada ante el Notario Don Mauricio Guerra, hicieron constar Don Adolfo Bahr y el Señor Moreno Santí, que daban por disuelta dicha sociedad y constituían otra bajo la misma razón social por el término de diez años, con un capital de diez y siete mil cien pesos, de los cuales, los diez y siete mil los aportaba el socio Bahr y los cien pesos restantes el Comanditario, Señor Moreno Santí, quedando el primero hecho cargo exclusivamente de la liquidación de la anterior sociedad; que los diez y siete mil pesos aportados por el Señor Bahr á esa nueva sociedad, procedían de los diez mil pesos aportados por él á la sociedad extinguida, más los siete mil que correspondían á Moreno Santí por su capital y beneficios que en ella le habían correspondido; que al día siguiente de firmada la escritura de la nueva sociedad de 30 de Junio de 1892, ó sea el 1º de Julio siguiente, expidió el Señor Bahr á la orden de Don Antonio Moreno Santí, un pagaré por seis mil pesos, valor recibido, constituyéndose al pago de dicha cantidad por mensualidades de ciento veinticinco pesos, á contar desde el mes de su otorgamiento; que si bien en la escritura de 30 de Junio se hacía figurar que Moreno no vendía á Bahr su participación de siete mil pesos en la sociedad, por tres mil pesos recibidos, ésto se hizo para eludir el pago de

on the 30th of June of the same year 1892, by deed executed
before Notary Mauricio Guerra, Adolfo Bahr and Moreno
Santí declared the dissolution of said partnership and formed
another one under the same firm name, the duration of
which should be ten years, with a capital of seventeen
thousand one hundred *pesos*, of which seventeen thousand
was contributed by Bahr, and one hundred by Moreno Santí,
as silent partner, the former alone to take charge of the
liquidation of the late firm; that the seventeen thousand *pesos*
contributed by Bahr to this new partnership proceeded from
the ten thousand *pesos* of his capital in the former partner-
ship, and the seven thousand *pesos* of Moreno Santí's capital
and his share of the profits; that on the day after signing
the deed of the new partnership on June 30, 1892, that is
to say, on the first of July following, Bahr had given More-
no Santí his promissory note for six thousand *pesos*, value
received, binding himself to pay said sum in monthly install-
ments of one hundred and twenty five *pesos*, to begin with
the month of the execution thereof; that although in the
deed of June 30th it was stated that Moreno had sold to Bahr
his interest in the concern amounting to seven thousand
*pesos*, for three thousand *pesos* received, this had been done for
the purpose of avoiding the payment of higher taxes, but
that in reality the transaction had been consummated for the
six thousand *pesos* offered by Bahr, in accordance with the
promissory note of July 1, 1892, which is evinced by the
fact of its having been issued on the day after signing the
deed of dissolution of the old partnership and the constitu-
tion of the new one; that on account of said promissory note
Bahr, had made various payments up to May 1895 when,
owing to poor business and his being unable to meet his
engagements in full, he entered into a private agreement
with his creditors whereby all of his assets were assigned to
them in satisfaction of all his liabilities, Moreno being a
party to this agreement wherein a credit of nine thousand
five hundred and fifty five *pesos* appeared in his favor; that

derechos reales más crecidos, pero en realidad, el negocio de
la venta se arregló por los seis mil pesos ofrecidos por el
Señor Bahr y que son los mismos á que se refiere el pagaré
de 1º de Julio de 1892, como lo confirma la circunstancia de
haberse otorgado al día siguiente de la fecha de la escritura
de disolución de la antigua sociedad y constitución de la
nueva; que á cuenta del valor de dicho pagaré hizo el Señor
Bahr diferentes abonos, hasta que en Mayo de 1895, habién-
dole ido muy mal en sus negocios, y no siéndole dable
cubrir la totalidad de sus compromisos en convenio privado
con sus acreedores, les entregó todo su activo, en pago del
pasivo, en cuyo convenio figuró el Señor Moreno con un
crédito de nueve mil quinientos cincuenta y cinco pesos; que
con posterioridad á este arreglo, con el que saldó el Señor
Bahr todas sus cuentas con sus acreedores, hasta su muerte
ocurrida cuatro años después, no fué el Señor Bahr molestado
por ninguno de aquellos, incluso el Señor Moreno, con
reclamaciones de ningún género, así judiciales como extraju-
diciales; que el Señor Bahr había muerto en 19 de Diciembre
de 1899, bajo un testamento ológrafo que existía protocolado
en Arecibo, en la Notaría de Don Juan Zacarías Rodríguez,
y en el cual relacionó todas sus deudas, á excepción de la
del Señor Moreno, sin duda por su convencimiento de que
se encontraba saldo de su crédito; que la Estancia del
Islote realmente había sido vendida por Doña Monserrate
Colón y Doña Nieves Girau á favor de Julián Muro, por
escritura pública otorgada en Arecibo, en 15 de Julio de
1900, ante el Notario Don Juan Zacarías Rodríguez, inscrita
en el Registro de la Propiedad, por cuyo motivo, no había
podido anotarse en el Registro el embargo decretado sobre
ella; é invocando á su vez, en su favor, las prescripciones del
Código Civil, relativas al pago por cesión de bienes á los
acreedores, y las del Código de Comercio, sobre prescripción
de las acciones procedentes de los contratos de comercio, en
particular, las que se derivan de los pagarés mercantiles, que
prescriben á los tres años, y las de los artículos 33, 34, 36,

subsequently to this agreement whereby Bahr had settled with all his creditors, up to the. time of his death which ocurred four years later, Bahr had not been molested by any of them, including Moreno, with claims of any sort, either judicial or extrajudicial; that Bahr had died on the 19th of December 1899, leaving a holographic will executed in Arecibo before the Notary public Juan Zacarías Rodríguez, wherein a list is given of all his debts, with the exception of that of Moreno, no doubt because he was convinced that it had been settled; that the "Islote" farm had in reality been sold by Monserrate Colón and Nieves Girau to Julián Muro, by public deed executed in Arecibo on July 15, 1900, before Notary Rodríguez, and recorded in the Registry of Property, for which reason the writ of attachment levied upon it could not be entered at the Registry; and invoking the provisions of the Civil Code relating to payment by assignment of property to creditors, and of the Code of Commerce referring to the prescription of actions arising from commercial contracts, especially those arising from promissory notes of commerce, which prescribe in three years, and the provisions of articles 33, 34, 36, 37, 39 and 41 of the Mortgage Law in force, and Judicial Orders regarding sham sales made for the purpose of defrauding creditors, defendant prayed that the complaint be dismissed with costs against the plaintiff. The stage in the proceedings for the introduction of evidence having been reached, and some of the evidence proposed by the parties having been heard and admitted, and other evidence having been excluded, the District Court of San Juan rendered judgment, on February 28, 1902, wherein the exception of prescription alleged was sustained, the defendants Nieves Girau, Monserrate Colón and Julián Muro being absolved from all liability under the complaint, with costs against the plaintiff, Antonio Moreno Santí.

From this judgment counsel for plaintiff took an appeal in cassation for violation of law, same having been allowed

37, 39 y 41 de la Ley Hipotecaria vigente y Ordenes Judiciales sobre ventas simuladas en fraude de acreedores, concluyó solicitando se desestimára la demanda con las costas al actor.

*Resultando:* que recibido el pleito á pruebas, y practicadas algunas de las propuestas y admitidas á las partes, y renunciadas otras, dictó sentencia el Tribunal del Distrito de San Juan en 28 de Febrero del año próximo pasado, por la que, declarando con lugar la excepción de prescripción alegada, absolvió de la demanda á los demandados Doña Nieves Girau, Doña·Monserrate Colón y Don Julián Muro, con las costas al demandante Don Antonio Moreno Santí.

*Resultando:* que contra esta sentencia interpuso la representación del demandante recurso de casación por infracción de ley, que le fué admitido, y elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, personadas éstas, se entregaron los autos al abogado defensor del recurrente para formalizar el recurso, el que los devolvió reproduciendo su escrito de interposición del recurso ante el Tribunal sentenciador.

*Resultando:* que en dicho escrito la representación del recurrente fundó el recurso en los números 1 y 7 del artículo 1690 de la Ley de Enjuiciamiento Civil, citando como infringidos.

I.—Los Artículos 1, 3, 311, y 950 del Código de Comercio, porque no teniendo Don Adolfo Bahr la cualidad de comerciante, puesto que en particular no ejercía habitualmente el comercio, como tampoco lo ejercía el demandante, y no constando por otra parte que el dinero prestado se hubiera dedicado á operaciones de comercio, no concurren en el préstamo de que se trata los requisitos que exige el Artículo 311 del Código de Comercio para que pueda estimarse como un préstamo mercantil, sujeto por consiguiente á las prescripciones del citado Código como lo confirma además la circunstancia de ser un préstamo gratuito ó sin interés, contra el elemento constitutivo de las operaciones mercantiles que tienen por única base obtener un lucro ó realizar una ganancia;

Y II.—El Artículo 1297 del Código Civil y la Orden Judicial de 20 de Marzo de 1899, que al determinar los casos en que se presume fraudulenta la venta de bienes en perjuicio de los acreedores, no exceptúa de las categó-

and the record of the proceedings having been sent up to this court, and summons having been served upon the parties, and they having entered their appearance herein, the record was delivered to counsel for appellant in order that he might formulate his appeal, he having returned the said record, reiterating the contents of his notice of appeal filed in the trial court. In the said document counsel for appellant based his appeal on paragraphs 1 and 7 of article 1690 of the Law of Civil Procedure, alleging as violated:

First.—Articles 1, 3, 311 and 950 of the Code of Commerce, because Adolfo Bahr was not a merchant, inasmuch as he did not engage habitually in commerce, noi did the plaintiff, and on the other hand, it not appearing that the money lent had been applied to business transactions, the loan in question lacked the conditions required by article 311 of the Code of Commerce in order to be considered as a commercial loan, subject as such to the provisions of the aforesaid Code, which is furthermore confirmed by the fact that said loan was gratuitous, or without interest, contrary to the principle constituting commercial transactions, the object whereof is the realization of profit or gain.

Second.—Article 1297 of the Civil Code and Judicial Order of March 20, 1899, which in specifying the cases wherein the sale of property to the prejudice of creditors is presumed to be fraudulent, do not except from their distinct provisions the alienation of real property, though the latter be recorded in the Registry of Property; therefore, if the law makes no distinction, the trial court had no power to make such distinction, as it did in the judgment appealed from.

Mr. *Moreno Calderón*, for appellant.

Mr. *Alvarez Nava*, for respondent.

Mr. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the following opinion of the Court.

In so far as the appeal is based on paragraph 7 of Article 1690 of the Law of Civil Procedure, namely, the error alleged to have been committed by the trial court in the consideration of the evidence, the appeal not having been formulated as prescribed by paragraph 7 of aforesaid article of the Law of Civil Procedure, since it fails to state what part of the evidence in the consideration of which the court below may have erred, or whether the error committed is of fact

ricas disposiciones que contienen, las enagenaciones de bienes inmuebles, aunque hayan sido inscritas en el Registro de la Propiedad; y por consiguiente si la ley no distingue, tampoco ha podido hacerlo el Tribunal sentenciador, como lo ha verificado en la sentencia recurrida.

Abogado del recurrente : *Sr. Moreno Calderón.*

Abogado de los recurridos : *Sr. Alvarez Nava.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando:* en cuanto se funda el recurso en el número 7 del artículo 1690 de la Ley de Enjuiciamiento Civil, ó sea, en cuanto al error que se supone cometido por la Sala sentenciadora en la apreciación de las pruebas, que no habiéndose establecido el recurso en la forma que prescribe el número 7 del citado artículo de dicha Ley procesal, puesto que no se expresa cuales son las pruebas en cuya apreciación haya podido incurrir en error la Sala sentenciadora, ni si el error cometido es de hecho ó de derecho, expresándose en el primer caso el acto ó documento auténtico que acredite la equivocación manifiesta del Juzgador, y citándose en el segundo, la ley ó doctrina legal relativa al valor de las pruebas que haya sido infringida, no procede resolver el recurso en cuanto se funda en el motivo expresado y deben estimarse subsistentes las declaraciones hechas por la Sala sentenciadora, en vista del resultado de las pruebas practicadas en el juicio.

*Considerando :* que habiendo sido librado "á la órden" el pagaré de que se trata en estos autos, y siendo procedente de una operación de comercio, cual lo era el préstamo que le dió orígen, puesto que el deudor Don Adolfo Bahr tenía la cualidad de comerciante por estar dedicado habitualmente al ejercicio del comercio, como gestor que era de una sociedad mercantil regular y en comandita, que venía girando hacía muchos años en el comercio de Arecibo, y haberse destinado la cantidad prestada á operaciones de comercio, según declaraciones hechas por la Sala sentenciadora, que no han sido impugnadas en debida forma, únicos requisitos que

or of law, it being necessary to mention, in the first case, the act or authentic document which shows the evident error of the judge, and cite, in the second case, the law or legal doctrine relative to the value of the evidence, which has been violated, the appeal in so far as the same is based upon the aforesaid allegation cannot be decided; wherefore the declarations made by the lower court in view of the evidence introduced on the trial must prevail. The promissory note involved herein having been made payable "to order," and arising from a comercial transaction, as was the loan by virtue of which it was given, the debtor, Adolfo Bahr, having the capacity of a merchant, since he was habitually engaged in business, as manager of a regular commercial firm that had for many years been doing business in Arecibo, according to the declarations of the lower court, not controverted in due form, which conditions are the only ones required by Article 311 of the Code of Commerce, it is evident that the promissory note giving rise to this action is included among the bills and promissory notes payable "to order," mentioned in Article 532 of the aforesaid Code, and as such should be dealt with according to the provisions thereof, and the lower court in so deciding correctly applied Articles 1, 3 and 311 of the Code of Commerce cited in the first ground of the appeal as having been violated. According to Article 950 of the same Code, actions arising from orders to pay and promissory notes of commerce, like those arising from drafts, prescribe three years after they have fallen due, whether they have been protested or not, and the time elapsed from the date when the note fell due to the date when the action was brought, without any attempt being made on the part of the plaintiff to recover the amount, as was also declared by the lower court, having greatly exceeded the term fixed by law, the action to recover had extinguished, and the District Court of San Juan, in so holding in the judgment appealed from has not violated, but, on the contrary, has correctly applied said Article 950 of the Code of

exige el Artículo 311 del Código de Comèrcio para que el préstamo pueda calificarse de mercantil, es evidente que el . pagaré orígen de este pleito, está comprendido entre los vales y pagarés "á la órden," á que se refiere el artículo 532 del citado Código y que como tal debe regirse por las prescripciones del mismo, por lo que al declararlo así la Sala sentenciadora ha aplicado rectamente los Artículos 1, 3 y 311 del expresado Código de Comercio, que se citan como infringidos en el primer motivo del recurso.

*Considerando:* que con arreglo al artículo 950 del propio Código, la acción procedente de los vales y pagarés de Comercio, como las que se derivan de las.letras de cambio, se prescriben á los tres años, á contar desde su vencimiento, háyanse ó nó prostetado, y que habiendo transcurrido con exceso el término fijado por la ley, desde el día en que venció el pagaré, hasta el en que se presentó la demanda, sin haberse intentado por el actor, reclamación alguna para el reintegro de su importe, como también lo ha declarado la Sala sentenciadora, había prescrito la acción para hacerlo efectivo, por lo cual, al declararlo así el Tribunal de Distrito de San Juan, en la sentencia recurrida, no ha infringido, antes al contrario, ha aplicado rectamente, el citado artículo 950 del Código de Comercio, que como infringido se cita también en el primer motivo del recurso.

*Considerando:* en cuanto el artículo 1,291 del Código Civil y la Orden Judicial de 20 de Marzo de 1899, á que se refiere el 2.° motivo, que tampoco han podido ser infringidos, toda vez que si bien dichos preceptos legales declaran rescindibles las enagenaciones hechas en fraude de acreedores, sin exceptuar la de los bienes inmuebles que hayan sido inscritas en el Registro de la Propiedad, parten ambos preceptos del supuesto de que dichas enagenaciones hayan sido hechas en fraude de acreedores legítimos, cualidad que no concurre en el demandante Don Antonio Moreno Santí, que no ha ejercido otra acción contra la Sucesión de Don Adolfo Bahr que la procedente del pagaré de que se trata, y que ha quedado

Commerce, also cited in the first ground of the appeal as having been violated. As to Article 1291 of the Civil Code and the Judicial Order of March 20, 1899, referred to in the second allegation, neither could these have been violated, for although said legal precepts declare that alienations executed in fraud of creditors without excepting real property recorded in the Registry of Property, may be rescinded, both precepts are based upon the supposition that said alienations are made in fraud of legitimate creditors, a qualification which is not possessed by the plaintiff Antonio Moreno Santí, who has prosecuted no action against the estate of Adolfo Bahr other than the one arising from the promissory note in question, which had extinguished through failure to bing action within the term fixed by Article 950 of the Code of Commerce for the prescription of actions arising from drafts and promissory notes of commerce. For the reasons above set forth, the appeal does not lie and should be dismissed, with costs.

extinguida por no haberse ejercitado dentro del tiempo que fija el artículo 950 del Código Mercantil, para la prescripción de las acciones procedentes de las letras de cambio y de los vales y pagarés de comercio.

*Considerando*, por tanto, que no siendo procedente el recurso por ninguno de sus fundamentos, debe desestimarse con las costas al recurrente.

*Fallamos:* que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley, interpuesto por Don Antonio Moreno Santí, á quien condenamos en las costas.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.